UNITED STATES of America, Appellee,

v.

Russell Dereck BATTLE, a/k/a Buck, Appellant.

No. 86–2389.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1987.

Decided May 9, 1988.

Stephen H. Gilmore, St. Louis, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Russell Dereck Battle appeals from his judgment of conviction for possession of heroin with intent to distribute. For the reasons discussed below, we affirm the decision of the district court.[1]

Background

Battle was arrested on February 13, 1986, following the execution of a federal search warrant. A search of the residence where Battle was arrested revealed 63.23 grams of heroin, a variety of narcotics paraphernalia indicative of distribution, $3,852 in United States currency, and three firearms. A search of Battle revealed a key to the residence and a receipt containing Battle's nickname for an Ohaus scale common to almost every drug distributing operation. Battle was subsequently convicted of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (possession with intent to distribute heroin) and sentenced to ten years imprisonment to be followed by a special parole term of three years.

In this appeal, Battle challenges the admissibility of certain evidence and the sufficiency of the evidence to support his conviction. In addition, Battle, who is black, maintains the government improperly exercised its peremptory challenges by striking five of the seven blacks from the jury panel. In *United States v. Battle*, 836 F.2d 1084 (8th Cir.1987), we concluded that Battle had alleged sufficient facts to establish a prima facie case of racial discrimination under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and that the government should have been required to articulate a neutral explanation for so exercising its peremptory challenges. While retaining jurisdiction over the appeal, and holding in abeyance review of the

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

58

other issues Battle raised, we remanded Battle's jury selection claim to the district court, directing the district court to hold an evidentiary hearing in accordance with *Batson*. On remand, the district court found that the government's reasons for utilizing its peremptory challenges were not constitutionally improper. We conclude that this finding is not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985). We now address the other claims raised by Battle.

Sufficiency of the Evidence

Battle contends that the trial court erred in denying his motion for judgment of acquittal made at the close of the government's case. Battle maintains that although he was present at and had a key to the residence where he was arrested, the government failed to show that he constructively possessed the heroin that was seized. He also maintains that although there was evidence introduced that indicated narcotics distribution, the government failed to produce sufficient evidence to connect these items to him.

We believe the evidence when viewed in the light most favorable to the government is sufficient to sustain the jury's verdict. *United States v. Minor*, 815 F.2d 472, 473 (8th Cir.1986). The evidence adduced at trial showed that Battle ran into the house where he was arrested and slammed the door behind him as law enforcement officers approached. Upon forcing the door, the police officers observed Battle standing next to a table where 63.23 grams of heroin with a street value of $20,000 were found in plain view. Also found and seized were narcotics paraphernalia indicative of distribution, including a Nexus triple beam balance scale and an Ohaus electronic scale, and $3,852 in United States currency. A search of Battle revealed a key to the residence and a sales receipt for the Ohaus scale with Battle's nickname on it. Moreover, Battle admitted possessing the heroin in a statement overheard by two law enforcement officers. After reviewing this evidence under the standard set forth

above, we believe the jury possessed ample evidence to convict Battle on both counts.

Expert Testimony

Battle next argues that the trial court erred in allowing government expert witness Detective Nicholas Frederiksen to testify that the two scales seized pursuant to the execution of the federal search warrant were common to heroin or drug operations. Battle maintains that this testimony was improperly admitted because it implicitly embraced the ultimate issue of whether the heroin was intended for distribution. We disagree. An expert is allowed to express an opinion even if it embraces the ultimate issue to be decided by the fact finder. *United States v. Kelly*, 679 F.2d 135, 136 (8th Cir.1982); Fed.R.Evid. 704(a). We also conclude that this testimony was a proper response to Battle's earlier cross-examination of witnesses concerning uses for items seized.

Occupancy of Residence

Battle's next argument for reversal is that the trial court erred in permitting testimony concerning his occupancy of the residence where the warrant was executed and he was arrested. Drug Enforcement Administration Agent Steven Stoddard testified that Battle's name was listed on a form containing the names of the occupants of that residence. The government maintains that prior to questioning Agent Stoddard, it believed the form was prepared by Battle. Upon cross-examination, it was determined that the form had been prepared by Battle's girlfriend, Caroline Granberry. Battle argues that the trial court committed prejudicial error by permitting this hearsay evidence because it was critical to the vital issue of whether occupancy of the residence was probative evidence of possession.

Although we are not convinced that the admission of this evidence constituted error at all, because other reliable nonhearsay evidence introduced at trial was more than sufficient to show that Battle possessed and intended to distribute heroin, any error that may have occurred by the admission of this evidence was harmless

beyond a reasonable doubt. *See United States v. Hasting,* 461 U.S. 499, 508–09, 103 S.Ct. 1974, 1980–81, 76 L.Ed.2d 96 (1983); *United States v. McDaniel,* 773 F.2d 242, 246 (8th Cir.1985); *United States v. Massa,* 740 F.2d 629, 640–41 (8th Cir. 1984).

Admission of Possession

■ Battle finally argues that the trial court erred in permitting testimony regarding his admission of possession of the seized heroin. Deputy United States Marshal Kathy Velazco testified that she was maintaining custody of Battle during his appearance before United States Magistrate Noce. Officer Velazco testified that while Battle was reading the complaint of the charges against him, he said, "[p]ure heroin? That shit they got from me was cut way down." Detective Frederiksen also testified that he heard Battle make this remark.

Battle now maintains that because the government allegedly failed to adduce any proof of the crime and thus, did not establish his guilt beyond a reasonable doubt, his extrajudicial admission must be corroborated by "substantial independent evidence." *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954). Based upon the record presented to this court, we conclude that notwithstanding Battle's admission, the overwhelming other evidence of Battle's possession of and intent to distribute heroin provides both sufficient proof of Battle's guilt and sufficient corroboration to justify the inference that Battle was telling the truth when he made the extrajudicial statement. *See United States v. Moore,* 735 F.2d 289, 293 (8th Cir.1984).

Battle's judgment of conviction is affirmed.