**UNITED STATES of America, Appellee,**

v.

**George WILSON, Appellant.**

No. 88–1666.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Feb. 13, 1989.

R. Thomas Day, St. Louis, Mo., for appellant.

Michael W. Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE, Senior District Judge.[*]

BOWMAN, Circuit Judge.

Defendant appeals from a final order of the District Court[1] reinstating his conviction. The question presented is whether the District Court erred in finding that the Government did not exercise its peremptory challenges in a purposefully discriminatory manner during the jury-selection phase of defendant's trial. We affirm.

This case has been before us previously. In *United States v. Wilson*, 816 F.2d 421 (8th Cir.1987), a panel of this Court vacated defendant's conviction and remanded the case to the District Court for a determination whether the Government had exercised its peremptory challenges at trial in a manner consistent with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The District Court on remand conducted a *Batson* hearing and issued a

---

[*] The HONORABLE ANDREW B. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

memorandum opinion finding for the Government and against defendant on the *Batson* issue. *United States v. Wilson*, No. 85–140–CR(4) (E.D.Mo. Apr. 12, 1988). The District Court entered an order reinstating defendant's conviction.[2] Defendant now appeals from this order.

The District Court found that defendant had established a prima facie case of purposeful discrimination under *Batson* inasmuch as the Government had exercised three of its six peremptory challenges to strike from the venire three of four blacks who remained after the parties had exercised their for-cause challenges.[3] *Wilson*, slip op. at 2–3. The District Court also found, however, that the Government had provided legitimate explanations for each of its three strikes, and that defendant had not demonstrated these explanations to be pretextual. The District Court concluded that "[Government's] counsel did not use the peremptory challenges in a purposefully discriminatory manner." *Id.* at 4.

Ordinarily, we review a district court's finding that the Government has exercised its peremptory challenges in a manner consistent with *Batson* under the "clearly erroneous" standard. *United States v. Battle*, 859 F.2d 56, 58 (8th Cir.1988); *cf. Batson*, 476 U.S. at 98 n. 21, 106 S.Ct. at 1723 n. 21. Defendant here of course disagrees with the District Court's finding, but defendant does not take issue with the District Court's finding viewed as a finding of fact. Rather, defendant's claim is that as a matter of law the justifications proffered by the Government in support of its peremptory strikes are not clear and reasonably specific explanations which relate to his case. Appellant's Brief at 5; *see Batson*, 476 U.S. at 98, 106 S.Ct. at 1723 ("The prosecutor ... must articulate a neutral explanation related to the particular case to be tried.") (footnote omitted); *id.* at 98 n.

20, 106 S.Ct. at 1723 n. 20 (prosecutor's explanation must be " 'clear and reasonably specific' ") (citation omitted). On defendant's view, the Government failed to articulate justifications which under *Batson* are capable of rebutting his prima facie case. According to defendant, then, his prima facie case stands unrebutted as a matter of law, and the District Court accordingly should have granted him a new trial.[4]

The Government exercised one of its peremptory challenges against a black venireman (Brown) who was employed as a juvenile court social worker. Counsel for the Government informed the District Court that he struck Brown because of his employment in what counsel termed a "quasi-criminal" segment of the justice system. Further, counsel explained that Brown had indicated he worked with police officers and defense lawyers in his capacity as a juvenile court social worker, but that he did not work with prosecuting attorneys. The District Court accepted the Government's explanation, and specifically corroborated counsel's assertion regarding Brown's lack of professional contact with prosecuting attorneys. Transcript of March 31, 1988 Hearing at 23.

■ Defendant asserts without explanation that "[Government counsel's] reasons for striking Mr. Brown provide no logical justification for the use of the strike." Appellant's Brief at 5. We disagree. Some attorneys exercise peremptory challenges against those venirepersons who have had significant experience within, or who possess something more than a passing understanding of, the criminal justice system. Counsel for the Government was plainly concerned that Brown's occupation as a social worker within the juvenile court system coupled with his professional contact

---

2. On September 10, 1985 a jury found defendant guilty of possession of a "sawed-off" shotgun in violation of 26 U.S.C. § 5861(d) (1982). The District Court entered judgment on the jury verdict and sentenced defendant to six years imprisonment on October 25, 1985.

3. The Government does not contest this finding on appeal.

4. At oral argument defendant informed us that he does not contend the District Court had before it evidence from which it should have found the Government's proffered explanations pretextual. As we understand it, defendant's claim of error fails without more if we find that the Government's proffered explanations meet *Batson*'s legal standards.

with defense lawyers but not with prosecutors might make it difficult for Brown to evaluate the Government's case solely on the basis of the evidence and the court's instructions to the jury. A prosecutor's explanation of course need not rise to the level justifying exercise of a challenge for cause. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. We hold that the Government's explanation for its peremptorily striking venireman Brown is plainly sufficient under *Batson.*

The Government also exercised peremptory challenges against two black venirewomen.[5] Owing to the passage of time between the trial of defendant's case and the *Batson* hearing,[6] counsel for the Government could not offer the District Court particular reasons why these two individuals were struck. Counsel for the Government did explain, however, that generally speaking it is his practice to maximize the number of men on a jury in a case involving "street" crime. Counsel explained that generally speaking he will peremptorily strike women from a jury panel because it is his perception that a "fear factor" attendant to a "street" crime prosecution might prevent a female juror from voting for a verdict of guilty. Defendant attacks this explanation as not sufficient under the legal criteria set forth in *Batson.*[7] *See supra* at 487. We disagree.

In this case, counsel for the Government undoubtedly articulated a race-neutral explanation for striking the two black venirewomen. The explanation is also sufficiently specific under *Batson* inasmuch as it provided the District Court a basis upon which to conclude that the Government had not stricken these venirewomen on the as-

sumption that they would be partial to defendant because of their shared race. *See Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. The Government's explanation here is not the sort of general assertion disapproved in *Batson. See id.* at 97–98, 106 S.Ct. at 1723–1724. *Cf. United States v. Clemons,* 843 F.2d 741, 748 (3d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988) (prosecutor's explanation that he was striking young, single venirepersons in context of narcotics prosecution sufficiently clear and specific under *Batson* ). We cannot find unacceptably general as a matter of law counsel's explanation why he peremptorily struck the two black venirewomen.

For the foregoing reasons, we hold that the District Court did not err in determining that defendant failed to establish a *Batson* violation. The final order of the District Court is therefore affirmed.

---

5. Their names do not appear in the record before us.

6. The District Court found that despite this passage of time "counsel for the Government made a good faith effort to recall his reasons for striking the black prospective jurors." *Wilson,* slip op. at 3. The District Court also found that counsel for the Government was without benefit of the jury list he used during voir dire and any notes he might have made during trial. Defendant was tried roughly eight months prior to the Supreme Court's decision in *Batson.*

7. At the *Batson* hearing counsel for the Government also informed the District Court that

"[g]enerally, ... I'm interested in people that talk.... I like to try and see what they have to say, how they say it." Transcript of March 31, 1988 Hearing at 13. In his brief, defendant argues at some length that counsel for the Government did not in fact exercise his peremptory challenges based on the opportunity (or lack thereof) counsel had to observe the stricken venirewomen respond to voir dire questions. *See* Appellant's Brief at 5–6. Since the District Court did not rely on this particular proffered explanation for the Government's strikes, defendant's argument is beside the point.