UNITED STATES of America, Appellee,

v.

Charles D. ROSS, Appellant.

No. 88–2649.

United States Court of Appeals,
Eighth Circuit.

Submitted March 31, 1989.

Decided April 11, 1989.

Rehearing Denied May 15, 1989.

Ronnie L. White, St. Louis, Mo., for appellant.

Dean R. Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, HEANEY and HENLEY, Senior Circuit Judges.

PER CURIAM.

Charles D. Ross appeals his conviction, following a jury verdict, of one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (Supp. V 1987). Ross, who is black, argues the district court committed error in denying his motion to quash the jury panel. Ross made the motion on the ground that the government failed to give neutral reasons for exercising some of its peremptory challenges to strike two black jurors. We affirm.

To establish a prima facie case of purposeful discrimination in selecting the venire panel, Ross must show he is a member of a cognizable racial group and that the government exercised peremptory challenges to strike members of his race from the panel. *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986). Ross must then show "these facts and any other relevant circumstances raise an inference that the [government] used [the peremptory challenges] to exclude the venire [persons] from the petit jury on account of their race." *Id.* The burden then shifts to the government to articulate a clear and reasonably specific, neutral explanation for challenging those venirepersons. *Id.* at 97, 98 & n. 20, 106 S.Ct. at 1723, 1724 & n. 20.

The government exercised two of its peremptory challenges to strike black women from the venire panel. Ross objected to the government's use of these challenges. The district court ordered the government to explain its reasons for challenging the two black venirepersons even though the court concluded Ross had not established a prima facie case under *Batson*.

The government explained that it challenged the two black venirepersons because they were both young, single, female, unemployed, and lacking in education. The government's stated theory was that these factors indicated a general lack of experience on the street, instability in life, and a smaller stake in the community. The district court found these explanations were sufficiently neutral under *Batson*.

Without deciding whether Ross established a prima facie case of purposeful discrimination, we believe the government's explanations for challenging the two black venirepersons were clear, reasonably specific, and neutral. *See United States v. Wilson*, 867 F.2d 486, 488 (8th Cir.1989) (government's explanation that it generally challenged women in cases involving "street" crimes was sufficient under *Batson*); *see also United States v. Clemons*, 843 F.2d 741, 748 (3d Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988) (government's explanation that it was challenging young, single persons in a narcotics prosecution held sufficient under *Batson*). Under these circumstances, the district court's finding that the government's reasons for striking the two blacks were permissible under *Batson* is not clearly erroneous. *See United States v. Battle*, 859 F.2d 56, 58 (8th Cir. 1988); *see also Batson*, 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21.

Accordingly, we uphold Ross' conviction.