883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James T. BRANCH, Defendant-Appellant.
 No. 88-3910.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Appellant James T. Branch appeals from his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He challenges the denial of his motion to suppress evidence obtained pursuant to a search warrant claiming the warrant was not supported by probable cause and that the search exceeded the warrant. He also claims that the government's use of a peremptory challenge to exclude the sole prospective black juror violated his sixth and fourteenth amendment rights. For the reasons stated below, we affirm the District Court's judgment.
 
 
 2
 Branch moved to suppress evidence seized after a search of his home at 224 S. Ohio Avenue, Apt. D, Columbus, Ohio on August 26, 1987. The search was conducted pursuant to a warrant authorizing police to search for "[c]ocaine, ... papers indicating occupancy and/or ownership, drug paraphernalia and any other evidence of illicit drug traffic." The police seized 150 grams of cocaine, drug paraphernalia, telephone bills, blank money orders, a videocassette recorder ("VCR"), and a Raven Arms .25 cal. automatic pistol. The warrant was supported by an affidavit stating the following facts:
 
 
 3
 On Wednesday, August 26, 1987, a confidential reliable informant (hereafter referred to as CI) stated that within the past 72 hours he/she has been inside the residence at 224 South Ohio Avenue, Apt. D, Columbus, Ohio and saw Schedule II drug Cocaine being used and sold. The CI knows what Cocaine looks like and how it is packaged and how Cocaine is used and sold. The affiant believes that Cocaine is being kept and sold out of the residence as reported by the informant in that the informant has supplied information on numerous occasions and this information has been corroborated through independent investigation. The CI has made controlled buys of Cocaine for Columbus Narcotics Bureau and the drugs were tested by Columbus Police Crime Lab and proven to be Cocaine. Further the informant has supplied information that has led to the arrest of five (5) subjects for trafficking in drugs, to wit: Cocaine.
 
 
 4
 The District Court did not err in denying Branch's motion to suppress. The information in the affidavit for the search warrant is clearly adequate to show probable cause under Illinois v. Gates, 462 U.S. 213 (1983). Under Gates, probable cause is judged by the totality of the circumstances. Under this test, the "task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. That decision should be upheld if there is a substantial basis for concluding that probable cause existed. Id.; Jones v. United States, 362 U.S. 257, 271 (1960), overruled on other grounds, United States v. Salvucci, 448 U.S. 83 (1980).
 
 
 5
 In this case, the affidavit indicated the informant had an adequate basis of knowledge that cocaine was being used and sold at Branch's residence, since the informant had been inside Branch's apartment within the past 72 hours. He also knew what cocaine looks like, how it is packaged, and how it is sold. The informant had a high degree of veracity, having made controlled cocaine buys for the police and having supplied truthful information several times before which led to the arrest of cocaine traffickers.
 
 
 6
 Branch also claims that the seizure of the gun and VCR was beyond the scope of the warrant, making it a general exploratory search prohibited by the fourth amendment under Go-Bart Importing Co. v. United States, 282 U.S. 344 (1931) and Kremen v. United States, 353 U.S. 346 (1957). This claim is wholly without merit. Although general exploratory searches are prohibited under the fourth amendment, the cases cited by appellant involved extreme police conduct in executing the searches.
 
 
 7
 During voir dire, the government used all six of its peremptory challenges, one of which excluded a prospective black juror. Branch, who is black, objected, claiming that use of the challenge was racially discriminatory. The court required the government to give a racially neutral reason for its peremptory challenge, and the government explained that the prospective juror's brother had been charged and/or convicted of assaulting a Columbus police officer. The government said that even though the juror said he could remain impartial, it doubted the juror's ability to be fair and impartial, since all of the government's witnesses were Columbus police officers.
 
 
 8
 The trial court found this explanation sufficient to overcome any prima facie showing that the peremptory challenge was racially motivated. Our burden on appeal is to determine whether that finding is clearly erroneous. See United States v. Battle, 859 F.2d 56, 58 (8th Cir.1988).
 
 
 9
 Despite appellant's facile assertion that the government's racially neutral explanation was "so vague as to be meaningless," the trial court had an adequate basis for concluding that the government was justified in fearing that the black juror might not be objective and impartial in view of his brother's assault charge and/or conviction. His brother's experience could well prejudice his judgment in this case, where all of the government's witnesses were Columbus police officers. The juror's statement that he could remain impartial does not invalidate the trial court's decision, since the government's explanation for excluding the juror need not be of the same level as to justify a challenge for cause. It need only be racially neutral. The trial court's acceptance of the government's racially neutral explanation of its peremptory challenge was not clearly erroneous.
 
 
 10
 For all the foregoing reasons, the judgment of the District Court is AFFIRMED.