**UNITED STATES of America, Appellee,**

v.

**Earl R. NICHOLSON, Appellant.**

**No. 88–1781.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1989.

Decided Sept. 21, 1989.

Rehearing and Rehearing En Banc
Denied Nov. 20, 1989.

Irl B. Baris, St. Louis, Mo., for appellant.

Dean R. Hoag, St. Louis, Mo., for appel-
lee.

Before BOWMAN and WOLLMAN,
Circuit Judges, and ROSS, Senior
Circuit Judge.

WOLLMAN, Circuit Judge.

Earl R. Nicholson appeals the district
court's [1] order reinstating his conviction of

1. The Honorable Clyde S. Cahill, United States
District Judge for the Eastern District of Mis-souri.

two counts of mail fraud in violation of 18 U.S.C. §§ 2, 1341. Nicholson argues that the district court erred in finding that the government did not exercise its peremptory challenges in a purposefully discriminatory manner during jury selection at Nicholson's trial. We affirm.

## I.

In 1985, a jury found Nicholson, who is black, guilty of two counts of mail fraud. During jury selection, Nicholson had challenged unsuccessfully the government's use of three of its six peremptory challenges to strike three black venire members from the jury panel. Nicholson appealed, alleging, among other issues, that the government violated his constitutional rights during jury selection.

While Nicholson's appeal was pending before this court, the Supreme Court decided *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In light of that decision, we vacated Nicholson's conviction and remanded the case to the district court for a determination of whether the government had exercised its peremptory challenges at trial in a manner consistent with *Batson. United States v. Nicholson,* 815 F.2d 61, 63 (8th Cir.1987). On remand, the district court held a hearing and determined that Nicholson had established a prima facie case of purposeful discrimination. It also found that the government had articulated a neutral explanation for its peremptory challenges and acted in a constitutionally permissible manner. The court therefore reinstated Nicholson's conviction. Nicholson appeals.

## II.

We review under the clearly erroneous standard a district court's finding that the government has exercised its peremptory challenges in a nondiscriminatory manner. *United States v. Wilson,* 884 F.2d 1121, 1124 (8th Cir.1989) (en banc). " '[A] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Under *Batson,* if a defendant establishes a prima facie case of purposeful discrimination, the burden shifts to the government to articulate a neutral explanation for the peremptory challenges. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723; *Wilson,* 884 F.2d at 1124. If the government is successful in showing that neutral criteria were used, the defendant is then given the opportunity to show that the proffered reasons are pretextual. *Wilson,* 884 F.2d at 1124.

■ The government has conceded that Nicholson established a prima facie case of discrimination. The burden, therefore, lies with the government to present a neutral explanation for its challenges. Because the voir dire had taken place two years earlier and because he could not locate his notes made at the time, the prosecutor could not recall at the hearing the specific reasons why he utilized peremptory challenges against the three black venire members. Accordingly, the prosecutor presented a standard set of guidelines that he had used over several years to evaluate potential jurors.

The prosecutor prefers older persons over younger persons, married persons over persons who are single or who have been divorced, and males over females. He also prefers persons with long histories of employment. He disfavors persons who virtually say nothing during voir dire because he believes that they have had limited experiences and have led sheltered lives.

The prosecutor compared these guidelines to the black venire members and noted that each of the three was either single,

divorced, or separated. In addition, he noted that one had been treated by a chiropractor and that Nicholson is a chiropractor, one had a relative who was incarcerated, and one had a claim against a hospital involving a federal agency.

Nicholson contends that the prosecutor's explanation is the type of general assertion disapproved in *Batson*. *See Batson*, 476 U.S. at 98, 106 S.Ct. at 1724. We disagree. In *United States v. George Wilson*, 867 F.2d 486 (8th Cir.1989), we reviewed a similar situation in which the prosecutor could not offer the particular reasons why two black venirewomen were struck. The prosecutor did explain, however, that it was his general practice to maximize the number of men in cases involving street crime. We held that this explanation was not the type of general assertion disapproved in *Batson*. *Id.* at 488. "The explanation is * * * sufficiently specific under *Batson* inasmuch as it provided the District Court a basis upon which to conclude that the Government had not stricken these venirewomen on the assumption that they would be partial to defendant because of their shared race." *Id.* (citing *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723).

As in *George Wilson*, we conclude that the prosecutor's explanation was not unacceptably general. He articulated a race-neutral explanation for striking the three black venire members, and the district court accepted it. Because we do not find the district court's finding clearly erroneous, we affirm its holding that the government's peremptory challenges were exercised in a constitutionally permissible manner.

The district court's order is affirmed.