**UNITED STATES of America, Appellee,**

v.

**Kevin JACKSON, Appellant.**

**No. 90–1039.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 28, 1990.

Decided Sept. 17, 1990.

---

James C. Delworth, St. Louis, Mo., for appellant.

Richard Poehling, St. Louis, Mo., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

BOWMAN, Circuit Judge.

Kevin Jackson appeals his conviction and his resulting sentence on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). He raises three issues: (1) the District Court[1] erred in finding that the government's explanations for its peremptory challenges against three black venire members were constitutionally acceptable; (2) the District Court erred in admitting evidence seized from a bedroom in Jackson's apartment; and (3) the District Court erred in increasing the base offense level under United States Sentencing Commission,

---

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

*Guidelines Manual,* § 2D1.1 (Nov. 1989) based on possession of a firearm during commission of a drug offense. We affirm.

## I.

On June 10, 1989, police officers went to Jackson's apartment in Jennings, Missouri, acting on information that Terry Guy, who was wanted on assault charges, was there. Jackson allowed the officers to enter the apartment, and told them that Guy was not there, but that Tina Thomas, an acquaintance of Guy, was. The officers spoke with both Jackson and Thomas, who allegedly was subletting a room in Jackson's apartment.

While in the apartment, the officers noticed white powder on a kitchen table, and the muzzle of a gun and some currency partially visible underneath a living-room couch. The police looked under the couch and also found thirty-eight bags of cocaine there. The gun turned out to be a loaded 9–millimeter pistol. Jackson and Thomas then were placed under arrest. After being transported to the police station in Ferguson, Jackson signed a consent-to-search form. Three officers returned to Jackson's apartment, where they found four bags of cocaine in Jackson's room, and seventeen bags of cocaine, a pistol, and approximately $9,000 in cash in Thomas's room.

Indicted by a federal grand jury, Jackson testified at trial that he never had seen any of the drugs, currency, or guns found in his apartment. He also objected to the introduction of the seventeen bags of cocaine seized from Thomas's room, and testified that Thomas had sublet the room from him.

The jury returned a guilty verdict. At the sentencing hearing, the District Court increased Jackson's base offense level by two levels, based on its finding that Jackson was in possession of the gun found underneath the living-room couch. Jackson was sentenced to a term of imprisonment of thirty-seven months, with four years of supervised release. He appeals, raising the three issues mentioned at the beginning of this opinion.

## II.

██ Jackson, who is black, claims that the prosecution improperly exercised its peremptory challenges by striking three of the six black members from the jury panel. The District Court found that Jackson had made a prima facie case of purposeful racial discrimination, and accordingly directed the prosecution to provide a neutral explanation for its challenges of the three black venire members. *See Batson v. Kentucky,* 476 U.S. 79, 96–97, 106 S.Ct. 1712, 1722–23, 90 L.Ed.2d 69 (1986).

The government then explained to the court its reasons for challenging the jurors in question. According to the government, one venire member was struck because she was young, single, unemployed, and had no stable history of employment; another was struck because she was young, separated, living at home, and unresponsive to questions; and the third venire member was struck because she was single and had a nephew who was incarcerated in a Missouri penitentiary. The prosecutor stated that based on his extensive trial experience he was looking for jurors with some experience and a commitment to the community, as such jurors generally have a better understanding of life and of what happens on the city streets where drug trafficking crimes tend to occur. The District Court ruled that these reasons were neutral and not pretextual and therefore upheld the three peremptory challenges at issue.

*Batson* and our own decisions applying *Batson* make it clear that the District Court's findings are entitled to considerable deference, 476 U.S. at 98, n. 21, 106 S.Ct. at 1724, n. 21 ("Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference."); we may upset them only if they are "clearly erroneous." *United States v. Nicholson,* 885 F.2d 481, 482 (8th Cir.1989) ("We review under the clearly erroneous standard a district court's finding that the government has exercised its peremptory challenges in a nondiscriminatory manner.");

*United States v. Battle,* 859 F.2d 56, 58 (8th Cir.1988) (the appeals court should use the "clearly erroneous" standard in *Batson* challenges).

For each of the challenges at issue, the prosecution offered a race-neutral explanation of the kind previously upheld by this court. In *Nicholson,* we accepted as sufficient the prosecution's race-neutral explanation that it preferred older, married males with stable employment records. 885 F.2d at 482–83. Similar explanations were upheld in *United States v. Ross,* 872 F.2d 249, 250 (8th Cir.1989). Here, the District Court accepted the explanations given by the government as acceptably race-neutral and found that the government's reasons for exercising its peremptory challenges were not a pretext for racial discrimination. This finding is not clearly erroneous, and it disposes of Jackson's *Batson* claim.

### III.

Jackson argues that the District Court erred by allowing into evidence the seventeen bags of cocaine found in the room of Jackson's apartment that allegedly was sublet to Thomas. A trial court's rulings on the admissibility of evidence are to be given great deference and should be reversed only if the court clearly abused its discretion in admitting the evidence. *United States v. Johnson,* 857 F.2d 500, 501 (8th Cir.1988); *United States v. Dennis,* 625 F.2d 782, 796 (8th Cir.1980). Finding no abuse of discretion, we uphold the District Court's ruling.

At trial, Jackson disavowed any knowledge of the drugs, guns, and currency found in his apartment. He would have had the jury believe that all the incriminating evidence in his apartment was controlled by Thomas, whom he insisted was his sublessee. Jackson made no objection to two police officers' direct testimony about the cocaine found in Thomas's room, and cross-examined the officers about not only the cocaine found in Thomas's room,

but also about the gun and currency found there.

After the police officers testified and were cross-examined about the seventeen bags of cocaine found in Thomas's room, the government offered those bags (along with the four bags found in Jackson's room) into evidence. Only then did Jackson object to the admission of the cocaine found in Thomas's room. Jackson claimed that the prejudicial effect of this evidence outweighed its probative value, and thus it should not be admitted.

The District Court overruled Jackson's objection and allowed the seventeen bags into evidence. The court indicated that such evidence was not prejudicial to Jackson, and stated that it might even be helpful to his theory that all of the contraband found in the apartment was controlled by Thomas.

We cannot say that the District Court abused its discretion by admitting into evidence the cocaine found in Thomas's room. Jackson did not object to direct testimony about the seventeen bags found in Thomas's room, but instead used such testimony for tactical purposes on cross-examination. Further, Jackson has not shown why the admission of the seventeen bags of cocaine unfairly prejudiced him, when it is undisputed that forty-two other bags of cocaine [2] were properly admitted. The District Court's admission into evidence of the cocaine found in Thomas's room therefore affords Jackson no basis for relief.

### IV.

Finally, Jackson argues that the District Court erred in increasing his base offense level by two levels based on his possession of a firearm during the commission of a drug offense. In reviewing the District Court's sentencing decision, we are guided by 18 U.S.C. § 3742(e) (1988), which states:

> The court of appeals shall give due regard to the opportunity of the district

---

**2.** The thirty-eight bags of cocaine found under the living-room couch each weighed approximately one gram; the seventeen bags of cocaine found in Thomas's room and the four bags found in Jackson's room each weighed approximately one ounce.

court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are *clearly erroneous* and shall give due deference to the district court's application of the guidelines to the facts. (Emphasis added.)

As previously noted, police officers found a loaded 9–millimeter pistol, its muzzle in plain view, under the livingroom couch in Jackson's apartment. Also recovered from under the couch were thirty-eight bags of cocaine and more than $1,600 in currency. The government introduced the pistol into evidence.

The District Court conducted an evidentiary hearing and found that Jackson was in possession of the pistol. Applying U.S.S.G. § 2D1.1(b)(1), the court increased Jackson's base offense level by two levels because a "dangerous weapon ... was possessed during the commission of the offense." [3]

Jackson contends that the finding of the District Court that he possessed the firearm is clearly erroneous. We disagree. The pistol was found in a common area of Jackson's apartment, and was partially exposed. Jackson did not object to being sentenced on the basis of the thirty-eight bags of cocaine found under the couch alongside the gun. In these circumstances, it is impossible for us to say that the finding of the District Court is clearly erroneous.

We affirm the judgment and sentence.

---

**3.** U.S.S.G. § 2D1.1(b)(1) states in its entirety: "If a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by two levels."