32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thadeus Randolph RISHER, Defendant-Appellant.
 No. 89-50302.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1994.*
Decided Aug. 8, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Thadeus Randolph Risher appeals his jury conviction of two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a)(d), and one count of bank robbery, in violation of 18 U.S.C. Sec. 2113(a).
 
 
 4
 We have jurisdiction to hear Risher's timely appeal under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 5
 I. Purposeful Discrimination in Jury Selection
 
 
 6
 Risher argues that his right to a fair trial was violated because an African-American juror, only one of two on the panel, was excluded from the jury. During voir dire, the prospective juror stated that he was a lay minister and was unemployed. The government used one of its peremptory challenges to strike the juror. The government also struck a Caucasian juror who was unemployed.
 
 
 7
 To argue purposeful discrimination in jury selection, the defendant must first show that the prosecutor has peremptorily challenged members of the defendant's race under circumstances that raise an inference of discrimination. Batson v. Kentucky, 476 U.S. 79, 96 (1986). To defeat such a showing, the prosecutor must articulate a racially neutral explanation for the challenge. Batson, 476 U.S. at 98. The trial court then determines whether the defendant has successfully carried the burden of proving purposeful discrimination. Id. The reviewing court gives great deference to the district court's finding that the prosecutor's explanation is race neutral, and will not disturb it unless it is clearly erroneous. Hernandez v. New York, 500 U.S. 352, 365 (1991); United States v. Bishop, 959 F.2d 820, 826 (9th Cir.1992).
 
 
 8
 The court concluded that the prospective juror's ministry and his irregular work record were legitimate, racially neutral grounds for the prosecutor's challenge:
 
 
 9
 It is not an uncommon perception that clergy are too understanding. In a way, they are like social workers and cannot divorce themselves from their calling. And, as such, can be a poor juror for a prosecutor because they tend, despite however well-intentioned they are and whatever declarations they make, they tend to be sympathetic. R.T. 2/22/89 at 95.
 
 
 10
 This is not a case where a facially neutral criterion for a challenge served as a surrogate for race. Cf. Bishop, 959 F.2d at 826 (where residence was used as a proxy for a racial stereotype in jury selection, defendant's conviction was reversed). The prosecutor expressed a legitimate concern that ministers are uniquely forgiving. Several cases have upheld peremptory challenges on similar grounds. See, e.g., United States v. Mixon, 977 F.2d 921 (5th Cir.1992) (upholding peremptory challenge of African-American juror who was an ordained minister); United States v. Wilson, 867 F.2d 486 (8th Cir.) (upholding peremptory challenge of African-American juror who was a social worker), cert. denied, 493 U.S. 827 (1989).
 
 
 11
 Further, we note that the district court did not err in concluding that the prosecutor's racially neutral explanation for the challenge was in good faith. The trial court has the opportunity to observe the conduct of the prosecutor during voir dire, and "[e]valuation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judge's province.' " Hernandez, 500 U.S. at 365 (quoting Wainwright v. Witt, 469 U.S. 412, 428 (1985)). Here, the district court expressly noted that the prosecutor had not indicated any lack of neutrality.
 
 
 12
 Given the government's legitimate explanation and the demeanor evidence, we affirm the district court's conclusion that Risher failed to establish purposeful discrimination.
 
 II. Prosecutorial Vouching
 
 13
 Risher argues that the prosecutor committed reversible error when she vouched for the veracity of government witnesses during closing argument. In response to the defense attorney's suggestion during closing argument that the bank tellers may have fabricated evidence of the gun, the prosecutor stated on rebuttal: "They were instructed to testify truthfully. They came in here, and they told us what they saw. If they didn't see a gun, they said so. If they saw a gun, they said so." R.T. 2/23/89 at 303.
 
 
 14
 Prosecutors may not express individual opinions on the guilt of a defendant or the credibility of a witness. United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.1992) ("A prosecutor has no business telling the jury his individual impressions of the evidence."). In United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991), the court explained that "[s]uch prosecutorial vouching, which consists of either placing the prestige of the government behind the witnesses through personal assurances of their veracity or suggesting that information not presented to the jury supports the witnesses' testimony, is improper." Prosecutorial misconduct constitutes reversible error, however, only if, "viewing the error in the context of the entire record, the impropriety 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993) (citing Molina, 934 F.2d at 1446).
 
 
 15
 We first note that the prosecutor's statements appear to have been permissible because they were an "invited response" to the defense attorney's closing argument that the witnesses fabricated their testimony about Risher's gun. United States v. Young, 470 U.S. 1, 11 (1985); United States v. Wallace, 848 F.2d 1464, 1474 (9th Cir.1988). We need not base our decision on the "invited response" exception, however, because the trial court sua sponte issued a curative instruction.
 
 
 16
 The jurors were instructed that: "The government attorney argued to you that the witnesses were instructed to testify truthfully. The government attorney may not vouch for the credibility of her witnesses, and you may not consider any such vouching in your deliberations." R.T. 2/23/89 at 332. Even if the prosecutor's statements were impermissible, the trial court's instruction cured the vouching. Necoechea, 986 F.2d at 1280 (vouching not reversible error where trial court issued curative instruction). See also United States v. Roberts, 618 F.2d 530, 534 (9th Cir.1980), cert. denied, 452 U.S. 942 (1981); United States v. Shaw, 829 F.2d 714, 718 (9th Cir.1987), cert. denied, 485 U.S. 1022 (1988).
 
 III. Ineffective Assistance of Counsel
 
 17
 Risher also claims that he received ineffective assistance of counsel when his attorney acknowledged to the jury that Risher had committed the bank robberies. During closing argument, the defense counsel stated that "it would be stupid for any human being, lawyer or not, to get up here and based on the evidence in a case like this to try to convince you that he wasn't the person who committed these crimes." R.T. 2/23/89 at 283. He later added that he was "not arguing whether or not the defendant committed these robberies. But I definitely am arguing with respect to whether or not the government proved beyond a reasonable doubt that a gun ... was used by my client in the commission of these robberies." R.T. 2/23/89 at 285. The defense attorney explained to the court that his strategy was to focus the jury's attention on the question of whether Risher was armed in order to get him a lighter sentence.
 
 
 18
 Normally, ineffective assistance of counsel claims are raised for the first time in collateral proceedings under 28 U.S.C. Sec. 2255. U.S. v. Kazni, 576 F.2d 238, 242 (9th Cir.1978); U.S. v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). However, this court has recognized an exception to that rule when the record on appeal is adequate to assess the merits of the defendant's claim. U.S. v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (record sufficient to review ineffective assistance of counsel claim on direct appeal because defendant relied solely on reported statements of counsel during final argument). Risher's claim is based on his attorney's statements during closing argument, and we therefore address his claim.
 
 
 19
 To prevail on his claim, Risher must show: 1) that his attorney's performance was unreasonable under prevailing standards, and 2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." Strickland v. Washington, 466 U.S. 668, 687 (1988). Strickland defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 20
 Risher's attorney may well have performed below prevailing standards. Admitting that Risher robbed the banks but questioning whether he did so with a gun may not have been the best strategy. Although counsel hoped to obtain a lighter sentence for Risher under the Sentencing Guidelines, he could have pursued that strategy without acknowledging that Risher had committed the robberies. However, even assuming that counsel may have erred, Risher's claim fails on the second prong of the Strickland test. The documentary and testimonial evidence against Risher was overwhelming, and, therefore, we conclude that the error, if any, was harmless. Risher was photographed at each bank immediately after each robbery and all three tellers identified him in court. There is no reasonable probability that, but for counsel's inadequate performance, the result would have been different.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3