# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3430

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Silverio Farias-Camacho, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 2003

Filed: March 26, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Silverio Farias-Camacho (Farias) of conspiring and attempting to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846. The district court[1] sentenced Farias to 121 months in prison. Farias appeals, contending that the district court's ruling excluding the testimony of one of Farias's witnesses on relevancy grounds violated his Fifth

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Amendment right to present a defense and his Sixth Amendment right to compulsory process.  We affirm.

I.

On March 12, 2002, Farias met Jose Guadalupe Villagrana-Morelos at a restaurant in Melrose, Minnesota.  Villagrana, who was cooperating with police at the time, had arranged to purchase one pound of methamphetamine from Farias for $6,000.  At the restaurant, Villagrana paid Farias $4,500, with the understanding that he would pay Farias the remaining $1,500 when he received the methamphetamine. Police stopped Farias's car shortly after he left the restaurant.  The passenger-side window was open.  Police recovered a paper bag containing $4,500 from the roadside a short distance from Farias' car.  Two days later, police executed a search warrant at Farias's apartment, where they seized what appeared to be a drug-sales ledger, approximately 0.3 grams of methamphetamine, a safe, a 200-gram scale weight, cell phones and cell phone bills, and other documents.

Prior to trial, Farias notified the United States that he planned to call five witnesses to testify at trial.  Based upon the witnesses' statements, the United States filed a motion in limine to limit the scope of their testimony.  The district court reserved decision on the motion pending trial.  The United States renewed its motion at the time Sister Adele Gross, the fifth defense witness, was called to the stand.  In response to the district court's request for a proffer of Sister Gross's testimony, Farias stated that she would testify regarding how Farias spent his time when he was not working, including his involvement in community activities.  Farias argued that this testimony would rebut any inference that because he was employed on only a part-time basis, he had time to sell drugs.  The district court interpreted earlier testimony about Farias's hours of employment as being concerned with the source and extent of his income, as opposed to the extent of his free time.  The district court determined

that the proffered testimony would be irrelevant and sustained the motion to exclude it.

## II.

The Sixth Amendment right to compulsory process and "the Fifth Amendment right to due process of law require only that the accused be permitted to introduce all relevant and admissible evidence." United States v. Kasto, 584 F.2d 268, 272 (8th Cir. 1978) (citing United States v. Nixon, 418 U.S. 683, 711 (1974); Davis v. Alaska, 415 U.S. 308, 316 (1974)).

We accord great deference to a district court's ruling on the admissibility of proffered evidence and reverse only if the district court abused its discretion. Harris v. Sec'y, United States Dep't of the Army, 119 F.3d 1313, 1321 (8th Cir. 1997) (citations omitted); United States v. Jackson, 914 F.2d 1050, 1053 (8th Cir. 1990) (citations omitted). We find no such abuse of discretion in the circumstances of this case. We agree with the district court that Sister Gross's testimony regarding the community activities in which Farias was involved would not have been relevant to the dispositive issues at trial. Accordingly, the district court did not err in excluding it.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-