UNITED STATES of America, Appellee,

v.

Asa MINOR, Appellant.

No. 86–1304.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1986.
Decided Dec. 15, 1986.

James C. Delworth, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Dean Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

WOLLMAN, Circuit Judge.

Asa Minor appeals from a final judgment of the district court[1] upon a jury verdict finding him guilty of the sale of a stolen motor vehicle in violation of 18 U.S.C. § 2313 (1982). The issues in this appeal are, first, whether the district court erred in denying Minor's motion for judgment of acquittal because the government failed to establish the interstate commerce element of the crime and, second, whether the government's exercise of its peremptory challenges to strike black jurors violated Minor's sixth and fourteenth amendment rights.

This case is the result of an undercover operation initiated by local and federal law enforcement agencies. A St. Louis County Police Department detective and an F.B.I. agent posed as buyers and sellers of stolen automobiles and, with the aid of a confidential informant, came into contact with Minor. The government informant testified that two men who lived in East St. Louis, Illinois, sold a 1981 Pontiac, which other evidence showed was stolen from its owner's driveway on July 22, 1984, to Minor and delivered it to the informant's home on July 24, 1984, at Minor's direction. The informant then arranged contacts between the government agents and Minor, resulting in negotiations for and ultimately the sale of the automobile.

Minor first contends that the district court erred in refusing to grant his motion for judgment of acquittal made at the close of the government's case and renewed at the conclusion of all the evidence. He argues that the government did not produce sufficient evidence on the interstate commerce element of the crime to sustain a conviction.[2] In reviewing the denial of a motion for judgment of acquittal, we must examine the evidence in the light most favorable to the government. All reasonable inferences must be drawn in favor of the jury's verdict. We will reverse "only if a reasonable jury could not have found guilt beyond a reasonable doubt." *United States v. Davis*, 785 F.2d 610, 619 (8th Cir.1986); *see also United States v. Wilson*, 787 F.2d 375, 381 (8th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986); *United States v. LaGuardia*, 774 F.2d 317, 319 (8th Cir.1985).

Although it is clear that the government agents purchased the automobile in Missouri, there was no direct evidence proving that the automobile was stolen in Illinois, as the government suggests. This problem traces directly to the government's failure

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

2. 18 U.S.C. § 2313 (1982) provides:
   Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen,

shall be fined not more than $5,000 or imprisoned not more than five years, or both.
   The interstate and foreign commerce language of the statute was stricken by a 1984 amendment which then substituted language requiring that the vehicle or aircraft have "crossed a State or United States boundary after being stolen." 18 U.S.C. § 2313 (Supp. III 1985).

to ask the owner of the stolen vehicle where he lived. The government's oversight need not, however, be fatal to its case. If there was sufficient circumstantial evidence to convince the jury beyond a reasonable doubt that the automobile at issue was moving in interstate commerce then the judgment must stand. *See United States v. Michaels*, 726 F.2d 1307, 1311 (8th Cir.) ("circumstantial evidence is no less probative than direct evidence"), *cert. denied*, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984).

■ We believe that there was sufficient circumstantial evidence to convince the jury that the automobile was moving in interstate commerce.[3] The owner of the automobile was employed in Illinois. Photographs of the automobile showed that its license plates were issued in Illinois. A repair bill showed that it had been serviced in Illinois. In recorded conversations with the government agents, Minor referred to individuals "across the river"—in Illinois—whom he was involved with in the stealing of cars. Furthermore, the government informant testified that Minor obtained the 1981 Pontiac from two men who lived in East St. Louis, Illinois. This evidence is not so weak that "a reasonably minded jury *must* have a reasonable doubt" that the automobile was moved from Illinois to Missouri. *See United States v. Brown*, 584 F.2d 252, 266 (8th Cir.1978) (quoting *United States v. Frol*, 518 F.2d 1134, 1137 (8th Cir.1975)), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979).

Minor's second argument is that the prosecution exercised its peremptory challenges in a manner that violated his sixth and fourteenth amendment rights. This court has rejected the sixth amendment analysis urged by Minor. *See United States v. Childress*, 715 F.2d 1313 (8th Cir.1983) (en banc), *cert. denied*, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984).

Moreover, the court has recently held that the Supreme Court's decision in *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), does not apply retroactively. *United States v. Wilson*, 805 F.2d 785 (8th Cir.1986). Thus, Minor does not have the benefit of *Batson's* new evidentiary burden for claims of discriminatory use of peremptory challenges by the prosecution. Instead, Minor's claims of discrimination must be evaluated according to the pattern of discrimination requirement of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Like the defendant in *Wilson*, at 803, Minor has made no effort to show systematic exclusion of blacks from juries by the prosecution over a period of time. Consequently, we are unable to find any violation of Minor's fourteenth amendment right to equal protection of the law.

The judgment of the district court is affirmed.

## OPINION ON REHEARING

### PER CURIAM.

On December 15, 1986, we filed an opinion affirming the conviction in this case and rejecting all contentions made by the appellant. 807 F.2d 132. Thereafter, appellant filed a petition for rehearing with suggestions for rehearing en banc. While the petition was still pending, the Supreme Court of the United States handed down its opinion in *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), holding that the rule of *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), would apply to cases in which convictions had not yet become final on direct appeal on April 30, 1986, the date *Batson* was decided. Appellant's case falls in that category.

■ In our previous opinion we held that *Batson* did not apply to the government's

---

**3.** The two cases that Minor relies on are inapposite in this context. In *Davidson v. United States*, 61 F.2d 250 (8th Cir.1932), there was no question that the automobile had crossed a state line, but the court found no evidence to show that the car had retained its character as interstate commerce at the time the defendants re-

ceived it. In *United States v. Wyatt*, 437 F.2d 1168 (7th Cir.1971), the automobile was a rental car driven from Texas to Indiana and then stolen in Indiana. The car was stolen in the same state in which it was sold, thus it did not move in interstate commerce for sale in Indiana.

peremptory challenges in this case. In view of *Griffith,* our holding on this point cannot stand.

We vacate our order affirming the conviction and remand the cause to the district court with directions to hold a hearing in accordance with the directions set forth in *United States v. Jimmie L. Wilson,* 815 F.2d 52 (8th Cir.1987).

In all other respects, the previous panel opinion remains unchanged.

The petition for rehearing, directed to the panel, is granted, and our previous opinion and judgment are modified to the extent indicated herein. A separate order is being entered today denying rehearing en banc.

We direct that our mandate issue forthwith.

It is so ordered.