UNITED STATES of America, Appellee,

v.

Carl Anthony PARKER, Appellant.

No. 86-2349.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1987.

Decided Dec. 30, 1987.

Rehearing and Rehearing En Banc
Denied Feb. 17, 1988.

Jeffrey K. Rath, St. Louis, Mo., for appellant.

Richard Poehling, Ass't. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

Carl Anthony Parker appeals from his judgment of conviction for possession of heroin with intent to distribute. Parker was convicted of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) (possession of over 100 grams of heroin with the intent to distribute) and sentenced to twenty years imprisonment to run concurrently with a sentence imposed for a violation of Missouri state law in an unrelated matter. Parker challenges the admissibility of certain evidence and the sufficiency of the evidence to support his conviction. In addition, Parker maintains that the district court[1] erred in refusing to compel disclosure of the identity of a confidential government informant, and in not securing Parker's presence during an in chambers conference. We affirm.

**Background**

On February 13, 1986, officers of the St. Louis Police Narcotics Division executed a search warrant at Parker's residence following an investigation which included information from two informants that Parker was receiving heroin from California and distributing it in the St. Louis area. Following Parker's arrest, officers seized 146.-83 grams of heroin. The officers also seized a variety of narcotics paraphernalia indicative of distribution, including baggies, lactose, a coffee mill with heroin residue, a sifter, and a triple beam balance scale common to almost every heroin distributing operation. Also seized was a notebook bearing Parker's initials containing records of drug transactions, a .38 caliber revolver, $9,558 in United States currency, and a set of keys which operated the residence door locks.

1. The Honorable Clyde S. Cahill, United States District Court for the Eastern District of Missouri, presiding.

## Sufficiency of the Evidence

■ Parker first contends that the evidence was insufficient to sustain his conviction of possession with intent to distribute heroin. We disagree.

Following Parker's arrest, a search of his residence revealed over five ounces of heroin with a street value of $210,000, records of narcotics transactions, and a variety of narcotics paraphernalia indicative of heroin distribution. Moreover, Parker admitted ownership of a portion of the heroin. This evidence, when viewed in the light most favorable to the government, is clearly sufficient to sustain Parker's conviction. *See United States v. Minor*, 815 F.2d 472, 473 (8th Cir.1986).

## Motion to Suppress

Parker maintains that the issuance of the search warrant was invalid because (a) there was no probable cause; (b) there were material misrepresentations in the warrant application; and (c) the warrant was secured in violation of Fed.R.Crim.P. 41.

■ The record reveals that St. Louis Police Detective Robert Thomure and Assistant United States Attorney Michael Fagan appeared before United States Magistrate Noce on February 13, 1986, with an application and affidavit for a federal search warrant to search Parker's residence. Detective Thomure indicated that information from two confidential informants, which was corroborated by independent police investigation revealed Parker's involvement in heroin trafficking.[2] The first informant had proven reliable in the past, having aided in at least seven prior convictions. When considering the totality of the circumstances, we believe this presented the magistrate with more than a substantial basis to justify the issuance of the warrant. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

## Material Misrepresentations

Based upon an informant's tip that Parker was arranging to have heroin delivered from Los Angeles to St. Louis by a woman, St. Louis police officers commenced a surveillance. On February 13, 1986, investigators observed Stephanie Herrington exit the St. Louis airport after debarking a flight from Los Angeles. She was carrying a tote bag and a shopping bag. She was observed driving from the airport to Parker's residence where the search warrant was executed several hours later. At trial, Herrington testified that she had gone to Los Angeles to pick up a package for an individual named Joe Rudd. Parker alleges that Joe Rudd was the government's second confidential informant.

---

**2.** A summary of the affidavit which Detective Thomure presented to Magistrate Noce reveals that Detective Thomure had known and received reliable information from the first confidential informant over a period of five years. This informant supplied information to Detective Thomure which indicated that Parker had been receiving large quantities of heroin from California which he was distributing to other individuals in the St. Louis area. The informant identified the names of four individuals who were receiving heroin from Parker.

The affidavit further indicates that Detective Thomure came into contact with a second confidential informant who also revealed that Parker was having large quantities of heroin brought into St. Louis. This informant stated that Parker was using three women to fly out to California to pick up the heroin and then return immediately to St. Louis on a flight that would arrive at approximately 5:20 a.m. According to the informant, the woman would then deliver the heroin to Parker's residence in a white Cadillac which Parker was frequently seen driving. The informant identified all three women. This informant also supplied police with Parker's residence address and telephone number and indicated that Parker was then using an alias. On February 12, 1986, the informant told police that Parker was arranging to have heroin delivered from Los Angeles to St. Louis in the above-described manner.

Although Parker maintains that the affidavit did not set forth any prior association between Detective Thomure and the second confidential informant, an informant's tip can provide probable cause if the reliability of the tip is corroborated by another independent source, or if the accuracy of the information is borne out by the independent corroboration by the authorities. *United States v. McGlynn*, 671 F.2d 1140, 1145 (8th Cir.1982). In this case, the record reveals that an independent police investigation which included checking police, utility company and telephone company records as well as extensive surveillance corroborated the information supplied by *both* informants.

Parker maintains that if Rudd both arranged for the delivery of a controlled substance from Los Angeles to St. Louis, and informed the government that Herrington would be transporting the controlled substance, the government's withholding of that information from the magistrate must be considered material to the determination of probable cause and a reckless disregard of the truth. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ An affidavit for a search warrant need only show facts sufficient to support a finding of probable cause. *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir.1980). Omissions of facts are not misrepresentations unless they cast doubt on the existence of probable cause. *Id.* Based upon the record, we do not believe that the alleged omission of Rudd's claimed criminal participation is material to a finding of probable cause. *Id.* at 790–92. As indicated, Detective Thomure and U.S. Attorney Fagan presented Magistrate Noce with substantial information based upon an independent police investigation and information from *two* confidential informants. Moreover, where an informant's information is at least partly corroborated, his credibility is established and it is not necessary to notify the magistrate of the informant's criminal history. *Id.* at 792. In the instant case, independent police investigation confirmed the information provided by both informants.

### Rule 41 Violation

■ Parker argues that because St. Louis Police Detective Thomure applied for and signed the affidavit and application for the search warrant, Fed.R.Crim.P. 41 was violated.[3] Because the search warrant was issued at the request of *both* Detective Thomure and U.S. Attorney Fagan based upon the affidavit of Detective Thomure, we do not agree that the warrant was issued in violation of rule 41. Moreover,

there is no evidence presented to this court to suggest either an intentional disregard of rule 41, or that Parker was prejudiced in any way. *See United States v. Gatewood*, 786 F.2d 821, 824 (8th Cir.1986).

### Disclosure of Informant

■ Parker next argues that the district court erred in refusing to compel disclosure of the second confidential informant's identity. As indicated, Parker alleges that the second confidential informant is Joe Rudd. Parker now maintains that the positive disclosure of Rudd is material to his defense because Rudd allegedly was an active participant in, or eyewitness to the events leading up to Parker's arrest. *United States v. Barnes*, 486 F.2d 776 (8th Cir.1973).

In *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court set forth the governing test for disclosure of confidential informants. When disclosure of an informant's identity would be material and helpful, the public interest in protecting the flow of information is overcome. *Id.* at 60–62, 77 S.Ct. at 627–28; *Barnes*, 486 F.2d at 778. Parker has the burden of showing materiality. *United States v. Grisham*, 748 F.2d 460, 463–64 (8th Cir.1984). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985). Based on the record presented to this court, we do not believe this standard has been met. Moreover, if Parker premises his argument upon the assumption that the second informant was Rudd, we conclude that the *Rovario* rule does not apply here. If Parker knew the identity, he could have either questioned law enforcement witnesses about Rudd's involvement in the investigation or called Rudd as a witness, both of which he

---

3. Fed.R.Crim.P. 41 provides:
   **Search and Seizure**
   (a) **Authority to Issue Warrant.** A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state

court of record within the district wherein the property or person(s) sought is located upon request of a federal law enforcement officer or an attorney for the government.

chose not to do. *See United States v. Partyka*, 544 F.2d 345, 346 (8th Cir.1976).

**In–Chambers Conference**

Finally, Parker maintains that he was prejudiced because the trial court failed to secure his presence at a chambers conference to determine a response to the jury's request for more instructions. We disagree. Fed.R.Crim.P. 43(c)(3) does not require the presence of the defendant at a conference or argument upon a question of law. Moreover, because Parker was ably represented by his attorneys at the chambers conference and the entire matter was conducted outside the presence of the jury, we conclude that no reasonable possibility of prejudice exists. *United States v. Mesteth*, 528 F.2d 333, 335 (8th Cir.1976).

Parker's judgment of conviction is affirmed.