UNITED STATES of America, Appellee,

v.

Christopher COCO, Appellant.

UNITED STATES of America, Appellee,

v.

Robert SIMON, Appellant.

Nos. 90–1510, 90–1511.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1990.

Decided Feb. 26, 1991.

Dale F. Myers, Los Angeles, Cal., for appellants.

Steven E. Holtshouser, St. Louis, Mo., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

ARNOLD, Circuit Judge.

Christopher Coco and Robert Simon appeal their convictions for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, and for causing interstate travel in furtherance of an unlawful activity in violation of 18 U.S.C. § 1952(a)(3). We affirm.

Robert Simon, Christopher Coco, Joseph Clayton, and Robert Rosenthal were involved in a conspiracy to distribute cocaine. Simon, who lived in Florida, supplied cocaine to the others, who lived in St. Louis. In order to obtain the drugs from Simon, the other conspirators would travel to Florida. While Clayton was on one of these trips on August 17, 1988, Fort Lauderdale police arrested him in the airport. In Clayton's bag, police found two kilograms of cocaine which he had purchased from Simon.

After being arrested, Clayton decided to cooperate with authorities in order to receive a lenient sentence. His efforts to cooperate in Florida failed, so he returned to Missouri. He then contacted the Drug Enforcement Administration ("DEA") in St. Louis, Missouri. On November 18, 1988, in cooperation with the DEA, Clayton tried to get Coco to incriminate himself and the other conspirators during the course of a telephone conversation. Clayton recounted the story of his arrest, and the troubles it caused him. Coco fell into the trap, with the results preserved on tape.

A grand jury indicted Coco, Simon, and Rosenthal for conspiracy to possess cocaine with intent to distribute, and for causing Clayton to travel in interstate commerce in furtherance of an illegal activity. On the first day of the trial, Rosenthal pleaded guilty to the cocaine-distribution charge,

and agreed to testify against Coco and Simon. After a five-day trial, the jury found the defendants guilty of both charges. The District Court[1] sentenced Coco to eighty-seven months' imprisonment for the conspiracy conviction, concurrent with sixty months' imprisonment on the interstate-travel conviction. Simon received a sentence of ninety-seven months' imprisonment on the conspiracy conviction to be served concurrently with his sixty-month sentence on the interstate-travel conviction.

■ Defendants challenge their convictions by attacking evidentiary rulings made by the District Court. Their main contention is that the District Court erred in admitting into evidence the taped telephone conversation between Coco and Clayton. They assert the tape contained hearsay statements not made during the course or in furtherance of the conspiracy, rendering it inadmissible under Federal Rule of Evidence 801(d)(2)(E). We need not determine whether the statements on the tape were made in furtherance of the conspiracy because they fall within another exception to the rule against hearsay. Coco's statements are the admissions of a party opponent, admissible under Federal Rule of Evidence 801(d)(2)(A).

■ Defendants argue that even if the taped conversation was admissible against Coco, the District Court erred by failing to instruct the jury that it could not be considered in determining Simon's guilt. They claim that admission of Coco's statements on the tape violated Simon's Sixth Amendment right to confront the witnesses against him under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). This assertion of error, however, is impeded by a procedural hurdle: defendants failed to request a cautionary instruction or a mistrial after the District Court admitted the tape into evidence. Thus, we analyze this claim under the plain-error rule. We reject this conten-

---

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

tion because admission of Coco's statements against Simon was not error, plain or otherwise. *Bruton*'s prohibition applies only when the declarant co-defendant does not testify at trial. Coco testified and was cross-examined at trial. Consequently, Simon's right to confrontation was not violated.

We take this opportunity to clarify an additional point about the applicability of *Bruton* to statements of co-conspirators made in furtherance of the conspiracy. At the oral argument of this case, the writer of this opinion insisted that *Bruton* remained applicable even when a statement was otherwise admissible under the co-conspirator exception to the rule against hearsay. Counsel for the government objected to this version of the law. Counsel was right. We have explicitly held that *Bruton* is not violated where the hearsay statement is otherwise admissible under Rule 801(d)(2)(E). *United States v. Bentley,* 706 F.2d 1498, 1507 n. 7 (8th Cir.), *cert. denied,* 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983), and *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984); see also *United States v. Kelley,* 526 F.2d 615, 620–21 (8th Cir.1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976). The Confrontation Clause is satisfied when the out-of-court statement in question comes within a firmly rooted hearsay exception.

As their final challenge to the introduction of the tape, defendants claim the District Court erred by failing to make an explicit finding of its admissibility, in violation of *United States v. Bell,* 573 F.2d 1040 (8th Cir.1978). *Bell* requires district courts to admit conditionally the hearsay statements of alleged co-conspirators, subject to a final on-the-record ruling that the statement is admissible under the co-conspirator exception to the rule against hearsay. *Id.* at 1044. Although they objected to admission of the tape, defendants failed to request a *Bell* ruling. Using a plain-error analysis, we conclude no reversible error occurred here.

At the beginning of the trial, Judge Limbaugh informed the parties that proper ad-

mission of the tape would depend on a showing under *Bell,* as modified by *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), that Coco's statements were made in the course or in furtherance of the conspiracy. Tr. 1–8—1–9. The judge conditionally admitted the tape, but indicated that if the government failed to meet its burden on this point, he would issue cautionary instructions or declare a mistrial. Tr. 1–9. Despite the fact that defendants moved for acquittal and repeatedly objected to admission of the tape, the judge let the case go to the jury without doing either. While the judge did not make an explicit *Bell* ruling, these facts indicate he substantially complied with it. Moreover, it is doubtful whether *Bell* even applies here, since proper admission of Coco's statements is based on their being the admissions of a party opponent.

In addition to their complaints about admission of the tape, defendants claim that the combined effect of several other erroneous evidentiary rulings by the District Court deprived them of a fair trial. These evidentiary rulings include: admitting into evidence Coco's state conviction for possession of marijuana; failing to allow the defendants to introduce extrinsic evidence tending to impeach government witness Rosenthal; refusing to admit two exhibits tending to show Clayton's bias and prejudice; and admitting the cocaine seized from Clayton into evidence in violation of Federal Rule of Evidence 901. Defendants have failed to demonstrate that the District Court abused its discretion in making any of these rulings. We therefore reject their claim of prejudice.

Accordingly, the judgments of the District Court are affirmed.