**UNITED STATES of America, Appellee,**

v.

**Terrence D. FELDEWERTH, Appellant.**

**No. 92–2526.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1992.

Decided Jan. 5, 1993.

Irl B. Baris, St. Louis, MO, argued, for appellant.

David M. Rosen, St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSENBAUM,* District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Terrence Feldewerth was convicted and sentenced to two years imprisonment for evading taxes in violation of 26 U.S.C. § 7201 following the district court's determination that Feldewerth had breached the terms of a non-prosecution agreement. Feldewerth appeals his conviction and sentence. We vacate the conviction and sentence and remand to the district court for further proceedings consistent with this opinion.

Between 1986 and 1988, the Federal Bureau of Investigation, the Internal Revenue Service and local law enforcement agencies conducted a series of bookmaking investigations in St. Louis. Because a number of "targeted" individuals received information that they were being investigated prior to the time any charges were filed against them, the government began an undercover investigation to determine the source of the leaked information. The government received information that Feldewerth, who was being investigated for bookmaking activities, might have information about the source of the leak. On November 8th, 1989, the government sent Feldewerth a letter promising that Feldewerth would not be prosecuted for certain tax offenses if he was "totally honest, cooperative and forthcoming with information he possesses about illegal activities, including information about how [he] obtained information about law enforcement activities...." Feldewerth signed the agreement and met with FBI Agent Robley on February 9, 1990.

At the February meeting Feldewerth denied that he had any direct law enforcement source of information; he stated he received his information through the grapevine and from two sources who had contacts in the police department. After Robley told Feldewerth he did not believe that Feldewerth had made a full disclosure as required by the agreement, the government indicted Feldewerth on ten counts of tax evasion. Feldewerth made a motion to dismiss and enjoin further proceedings and the district court turned the matter over to a magistrate. The magistrate conducted three hearings to determine if there had been a breach of the agreement. Although the government produced a number of witnesses, the critical testimony came from Agent Robley concerning information he had received from a confidential informant. Robley first stated that Feldewerth told a confidential informant that he had direct and indirect sources of law enforcement information. Specifically, the informant told Robley that Feldewerth had stated he had a source of law enforcement information to whom he paid between $1,000 and $2,000 per month. Second, Robley stated that Feldewerth told the informant that in August of 1986 he knew the FBI was investigating several individuals involved in bookmaking. Third, Robley testified that Feldewerth told the informant that he knew the dates on which an IRS agent involved in the investigation was on vacation. Finally, Robley stated that Feldewerth gave the informant information about two license plate numbers supplied by the informant. Based on the testimony

* The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

at the three hearings, the magistrate found that Feldewerth had breached the agreement and recommended that Feldewerth's motion to dismiss be denied. The district court accepted the magistrate's recommendation and entered an order denying the motions on April 20, 1992. On June 1, the parties submitted a stipulation of facts to the district court in lieu of trial. The district court entered an order finding Feldewerth guilty on ten counts of tax evasion, sentenced him to concurrent terms of two years imprisonment on each count, and ordered Feldewerth to pay a fine of $10,000.

Feldewerth argues the district court erred in denying his motion to dismiss the indictment and enjoin further proceedings because the government failed to produce sufficient evidence that he breached the non-prosecution agreement. He also argues the court erred in denying his motion for disclosure of the confidential informant because the magistrate's reliance on the hearsay accusations of a confidential informant violated the due process clause of the Fifth Amendment and the confrontation clause of the Sixth Amendment.

In *Roviaro v. United States*, the Supreme Court set forth a balancing test to determine the appropriateness of ordering disclosure of a confidential informant. 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). In order to determine if disclosure is warranted, courts must weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* "Where the disclosure of an informer's identity ... is essential to a fair determination of a cause," *id.* at 60–61, 77 S.Ct. at 628; or is "material and helpful, the public interest in protecting the flow of information is overcome." *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir.1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988). The decision to order disclosure depends on the particular circumstances of each case. *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628. Under the circumstances of this case, the balance easily weighs in favor of Feldewerth.

The government holds all of the cards in a non-prosecution agreement and has the sole power to institute criminal proceedings. *United States v. Minnesota Mining & Mfg. Co.*, 551 F.2d 1106, 1112 (8th Cir. 1977). The defendant gives incriminating information in exchange for the government's promise not to prosecute; it is initially the government that decides whether the defendant has fully complied with the agreement and whether charges should be brought against the defendant. Under these circumstances, Feldewerth is entitled to confront the confidential informant. It is the informant's testimony that bolsters the government's argument that Feldewerth failed to discuss all available information. Without Agent Robley's testimony concerning the informant's accusations (which amount to nothing more than hearsay), it is doubtful the government would have sustained its burden of proving Feldewerth breached the agreement. Because it is the government's burden to prove that Feldewerth breached the agreement, *United States v. Fitch*, 964 F.2d 571, 574 (6th Cir.1992), and so much rests on the informant's testimony, we vacate Feldewerth's conviction and sentence and remand to the district court for further proceedings consistent with this opinion.

RICHARD S. ARNOLD, Chief Judge, concurring.

I agree that the judgment should be reversed, and the cause remanded to the District Court for further proceedings, but I reach this result by a route somewhat different from the Court's.

I see no need to engage in a balancing analysis under *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). This judgment should be reversed whatever the outcome of a *Roviaro* balancing. The procedure engaged in by the Court below is a clear violation of the Confrontation Clause. Agent Robley's testimony about what some unknown person told him Feldewerth had said is hearsay, not within any recognized exception, and not accompanied by any specialized guarantees of trustworthiness. It is hornbook law that such evidence may not be used

against a defendant in a criminal prosecution. In my view, this is all that needs to be said.

On remand, the government can call the unidentified informant as a witness and subject him or her to cross-examination, if it wishes. Failing that, the District Court should make a new finding, leaving out of account Agent Robley's testimony concerning the informant's accusations. As the Court notes, *ante* at 324, "it is doubtful" that without these accusations "the government would have sustained its burden of proving Feldewerth breached the agreement."

I would like also to add a word of clarification about a statement in the Court's opinion. The opinion states that "it is the government that ... decides whether the defendant has fully complied with the agreement and whether charges should be brought against the defendant." *Ante* at 324. The word "decides" in this sentence, I take it, refers only to the initial decision whether to bring charges. In the end, if the defendant claims, as he does here, that he has complied with the agreement, it is for the Court to decide the question of compliance, just as it decides any other question of fact, with the burden of proof on the United States.