# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1906

_____

United States of America,        *
                                *

        Appellee,         *
                                *    Appeal from the United States

        v.                    *    District Court for the
                                *    Northern District of Iowa.

Oscar Curtis Wilson,         *
                                *

        Appellant.        *

_____

Submitted: May 11, 1999
Filed: June 2, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Oscar Curtis Wilson was indicted, with three co-defendants, on charges of conspiracy to distribute crack cocaine and distribution of crack cocaine. He and two co-defendants were tried together and convicted in July 1997. The three defendants were granted a new trial because of comments made by the prosecutor during his closing statement. Wilson and one of his co-defendants were tried again, and convicted again, in December 1997. Wilson was sentenced in March 1998 to two concurrent 120-month sentences. Those sentences are to run concurrent with a five-month sentence Wilson received on a state conviction. Wilson filed his notice of appeal, but the appeal

was stayed while the District Court[1] considered his motion for a new trial based on newly discovered evidence. The District Court held a hearing on that motion and denied it in January 1999.

Wilson raises two issues on appeal. First, he challenges the admission of the testimony of government witness Bradley McMillan, who testified, over Wilson's objection, under a cooperation agreement with the government. McMillan testified that Wilson was a drug runner for drug dealer Henry Jermal Franklin (a Wilson co-defendant) back in 1996. He also testified that Franklin used Wilson and another co-defendant (John Luther Session, who pleaded guilty before the second trial) to make drug deliveries in order to shield Franklin from apprehension by authorities for selling drugs. McMillan provided the only testimony that Wilson was involved with Franklin and drug dealing in 1996, the beginning date of the conspiracy. (Another witness testified to a transaction that took place in March 1997 just prior to Wilson's arrest.)

Wilson argues that McMillan should not have been permitted to testify about Wilson's drug activities in 1996. He claims that this was inadmissible prior bad acts testimony. The government argues that, instead, this was evidence of the conspiracy charged: a conspiracy beginning in 1996 and continuing through March 1997. The government is correct. The evidence in question covers a period within the dates of the charged conspiracy. The evidence is not Federal Rule of Evidence 404(b) prior bad acts evidence at all, but evidence that showed Wilson's initial involvement in the charged conspiracy. "'[B]ad acts that form the factual setting of the crime in issue' or that 'form an integral part of the crime charged' do not come within the Rule's ambit at all." United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997) (quoting United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996), cert. denied, 519 U.S. 1082 (1997)) (alteration by this Court). The evidence was not offered by the government to

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

prove Wilson's "action in conformity therewith," Fed. R. Evid. 404(b), and the District Court did not abuse its discretion in refusing to exclude it.

Wilson also challenges McMillan's testimony as being unduly prejudicial under Federal Rule of Evidence 403. We disagree. The testimony is relevant, probative, and not unfairly prejudicial. The District Court did not abuse its discretion under Rule 403 in admitting this evidence.

Finally, Wilson argues that the evidence against him was "tainted by lack of credibility and uncorroborated by competent evidence." Brief of Appellant at 13. This is essentially an argument challenging the credibility of the government's witnesses. Whether we would have believed these witnesses is not the question. There is nothing inherently incredible about their testimony. The jury evidently found them credible, and that is the end of the matter. See United States v. Vong, 171 F.3d 648, 652 (8th Cir. 1999) ("Although the crux of the case against [defendant] consisted of accomplice testimony and various minor inconsistencies existed within their testimony, the credibility, reliability and weight to be given to the testimony of any witness lies with the jury alone.").

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-