# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3617

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| John Trammell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 3, 1999
Filed: August 13, 1999

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After John Trammell sold horses subject to a bank lien without the bank's permission, a jury convicted Trammell of bank fraud in violation of 18 U.S.C. § 1344 (1994). On appeal, Trammell first contends the district court abused its discretion by admitting evidence that Trammell sold some of these horses in Mississippi and then pleaded guilty to state charges relating to that sale. Contrary to Trammell's view, the district court properly admitted this relevant evidence of the charged crime and the evidence did not unfairly prejudice Trammell. See United States v. Wilson, 177 F.3d 712, 713-14 (8th Cir. 1999).

Trammell also contends the district court should have granted his motion for mistrial after the Government inadvertently referred to Trammell's withdrawn guilty plea to the federal charges while reading to the jury Trammell's petition to accept his guilty plea in the related Mississippi state court case. We disagree. Trammell specifically requested his entire state court petition be read to the jury, Trammell refused a cautionary instruction following the reference to his earlier guilty plea, and any error was harmless in light of the overwhelming evidence of Trammell's guilt. See United States v. Martinez, 3 F.3d 1191, 1199 (8th Cir. 1993); United States v. Sopczak, 742 F.2d 1119, 1122-23 (8th Cir. 1984) (per curiam).

We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-