# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-2503/04-1351

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Rusty Leisure, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   February 11, 2004
Filed:   July 30, 2004

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Rusty Leisure appeals his conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to deliver methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Leisure also appeals a correction made by the district court[1] to its written judgment. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In a brief submitted by counsel, Leisure advances three principal arguments. First, Leisure contends that there was insufficient evidence to support a finding that he participated in the charged conspiracy. When evaluating the sufficiency of the evidence from an appeal of a jury verdict, we view the evidence in the light most favorable to the verdict, and we will overturn the verdict only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Gray*, 369 F.3d 1024, 1028 (8th Cir. 2004). We accept "all reasonable inferences drawn from the evidence that support the jury's verdict." *United States v. Collins*, 340 F.3d 672, 678 (8th Cir. 2003). Once a conspiracy is established, only slight evidence is required to show the defendant's involvement and support a conviction. *E.g.*, *United States v. Mosby*, 177 F.3d 1067, 1069 (8th Cir. 1999).

The government presented evidence from which a jury reasonably could infer that a conspiracy existed, and that Leisure knowingly participated in it. Among other evidence, there was testimony that Leisure was romantically involved with one April Decenzo, and that Decenzo bought large amounts of drugs from Leisure over a period of time, resold the drugs, kept drug records, and gave the drug sale proceeds to Leisure. When Leisure was arrested shortly after meeting with Decenzo on July 17, 2002, Leisure possessed more than $11,000 in cash, as well as drugs and instrumentalities of the drug trade. The combination of this direct and circumstantial evidence alone was sufficient to support Leisure's conspiracy conviction. *See*, *e.g.*, *United States v. Kamerud*, 326 F.3d 1008, 1012-13 (8th Cir.), *cert. denied*, 124 S.Ct. 969 (2003); *Collins*, 340 F.3d at 678.

Second, Leisure argues that the district court violated the rule set down in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), because there was insufficient evidence of conspiracy to justify admitting out-of-court statements of co-conspirators. The framework established in *Bell* requires the district court to undertake certain cautionary measures when the prosecution seeks to introduce co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). Leisure did not make

the "timely and appropriate objection" required to trigger the *Bell* procedure, *id*. at 1044, thus forfeiting any claim of error. *United States v. Coco*, 926 F.2d 759, 761 (8th Cir. 1991). He then waived even plain error review when -- after the district court rejected Leisure's belated *Bell* objection on the merits after the close of all testimony -- Leisure's counsel withdrew his objection by saying, "I would agree with your ruling." *See United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001).

Even if Leisure's *Bell* argument were not waived, it would lack merit. Leisure contends that statements by Decenzo to April Forbes relating to a pillowcase filled with drugs should not have been admitted, because Decenzo was not a co-conspirator. As discussed above, there was sufficient evidence to conclude that Decenzo and Leisure were in a continuing conspiracy to distribute drugs. Although Leisure apparently had not given Decenzo permission to take the pillowcase from a storage unit rented by Leisure, there was evidence that Leisure gave Decenzo access to his storage unit (including its number, the access code, and key), the pillowcase was taken to a motel room where Decenzo and Leisure were staying, Leisure went through the pillowcase and drugs with Decenzo, and Decenzo gave proceeds from the sale of the pillowcase drugs to Leisure. In addition, a preponderance of the evidence supported a finding that Decenzo's statements to Forbes regarding the pillowcase drugs were made in furtherance of the conspiracy. The two women agreed that Forbes would sell drugs from the pillowcase, and Decenzo's statement identifying the source of those drugs was in furtherance of the conspiracy. *United States v. Arias*, 252 F.3d 973, 977 (8th Cir. 2001). Accordingly, the district court did not plainly err in admitting the Forbes testimony.

Third, Leisure claims that the district court erred in admitting testimony pursuant to Federal Rule of Evidence 404(b). The government introduced testimony from a cooperating witness, Larry Spicer, regarding Leisure's involvement with drug dealing prior to the beginning date of the conspiracy as alleged in the superseding

indictment – "[f]rom on or about July 1, 2002." Although the government asserted that the disputed evidence of drug trafficking showed a continuous course of conduct that was evidence of the charged conspiracy, it nonetheless notified Leisure before trial of its intent to offer evidence pursuant to Rule 404(b). The district court initially reserved ruling on Leisure's motion *in limine* to exclude the evidence. When the testimony was offered, Leisure did not object to its admission, and cross-examined the witnesses. Assuming that Leisure did not waive his objection to the evidence by failing to object at the time the testimony was offered, *see United States v. Mihm*, 13 F.3d 1200, 1204 (8th Cir. 1994), we review for plain error.

Leisure was first arrested for the offense on July 17, 2002. Spicer testified that he was purchasing large amounts of methamphetamine periodically from Leisure, beginning in or after February 2002, that the last time he purchased from Leisure was "[b]efore [Leisure] went to jail in July;" and that his drug supplier "after the July arrest, [] was April [Decenzo]; before July, it was Rusty." From this evidence, the jury reasonably could infer that Leisure's transactions with Spicer continued into the period of time alleged in the indictment. Although some of the evidence concerned Leisure's drug trafficking activity prior to the beginning date of the conspiracy as charged in the indictment, we conclude that it was not plain error for the district court to admit the evidence as probative of the charged conspiracy. The evidence involved drug trafficking activity among the conspirators immediately prior to the charged time period, and it was thus relevant to show the existence of the charged conspiracy and Leisure's participation in that conspiracy. *E.g.*, *United States v. Summers*, 137 F.3d 597, 602 (8th Cir. 1998); *United States v. Stephenson*, 924 F.2d 753, 763-64 (8th Cir. 1991).

Leisure also argues the testimony of April Forbes should have been excluded. Forbes's testimony, however, recounted the activities and statements of co-conspirator Decenzo during July 2002 and events leading up to the arrests of Decenzo and Leisure. It was therefore relevant to prove the charged conspiracy. *United States v. Wilson*, 177 F.3d 712, 713-14 (8th Cir. 1999).

Leisure advances numerous additional arguments in a lengthy *pro se* supplemental brief. We briefly address several of those arguments.

Leisure argues that he was entitled to jury instructions pertaining to multiple conspiracies and buyer-seller relationships, but he never requested such instructions at trial as required by Federal Rule of Criminal Procedure 30. Leisure has failed to meet the "heavy burden resting upon him to establish that the court's failure to give sua sponte the instruction now suggested constitutes plain error under Rule 52(b)." *Edwards v. United States*, 361 F.2d 732, 737 (8th Cir. 1966). A multiple conspiracy instruction was not warranted, because Leisure was the only defendant on trial, and if the evidence proved multiple conspiracies, then he was a member of each. "[T]he chance of a prejudicial spillover effect from one conspiracy to another if the defendant is a member of both conspiracies is minimal, if not nonexistent." *United States v. Ghant*, 339 F.3d 660, 664 (8th Cir. 2003) (ellipses and internal quotation omitted), *cert. denied*, 124 S. Ct. 1184 (2004). Nor is it obvious that he was entitled to a buyer-seller jury instruction given the scope, frequency, and amount of drug trafficking involved. *See United States v. Jefferson*, 215 F.3d 820, 823 (8th Cir. 2000).

Next, Leisure claims the district court violated Federal Rule of Criminal Procedure 43, which requires the presence of the defendant at "every trial stage," because he and his counsel were absent when responses to jury questions 1, 4, and 5 were discussed. The record indicates, however, that Leisure's counsel was indeed present at a conference with the court and opposing counsel pertaining to jury questions 1, 2, and 3, and that counsel did not object to the court's proposed response to jury question 1 or to Leisure's absence. Moreover, Rule 43(b)(3) provides that a defendant need not be present personally when a "proceeding involves only a conference or hearing on a question of law." The jury question presented only a question of law, *United States v. Parker*, 836 F.2d 1080, 1084 (8th Cir. 1987), and the district court appropriately involved defendant's counsel. *Cf. Rogers v. United States*, 422 U.S. 35, 39 (1975). The district court committed no error in responding

to the jury's request to review Leisure's testimony by stating that "[a] transcript is not available."

Although jury questions 4 and 5, and the responses thereto, were made part of the record, there is no transcript of any discussion between the court and counsel concerning those questions. Leisure asks us to assume that both he and his counsel were absent, but he bears the burden of making this showing, *United States v. Bokine*, 523 F.2d 767, 769 (5th Cir. 1975), and Leisure's attorney has made no assertion that trial counsel was excluded. We further conclude that even if Leisure and his counsel were absent, any error was harmless beyond a reasonable doubt. *See United States v. Bieganowski*, 313 F.3d 264, 293 (5th Cir. 2002), *cert. denied*, 538 U.S. 1014 (2003). In the two remaining questions, the jury asked whether its verdict must be unanimous with respect to the amount of methamphetamine. The court gave the same response to both questions, saying "[y]our verdict must be unanimous in all respects." Leisure does not contend that the response was an incorrect statement of the law, but only suggests that perhaps he "could have caused them to be dealt with differently." The district court's response "was substantially a repetition of the instructions which had been given earlier by the court and involved a question of law." *United States v. Nelson*, 570 F.2d 258, 261 (8th Cir. 1978). We find no error in the statement, and we see no reasonable possibility that Leisure was prejudiced by the responses.

Leisure argues for the first time on appeal that the district judge should have recused herself, and we review for plain error. *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 663 (8th Cir. 2003)*; see generally United States v. Sypolt*, 346 F.3d 838, 839 (8th Cir. 2003) (party alleging disqualification "must show that the district court's failure to recuse was clearly improper under the law, affected his substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings") (internal quotations and citations omitted), *cert. denied*, 538 U.S. 1014 (2004). He asserts that the district judge, in a previous professional capacity, was a member of a review panel that upheld a disciplinary action relating to Leisure while he was incarcerated in 1990. Leisure also alleges that the district judge, as an

attorney for the State of Nebraska, defended the state in a civil rights action initiated by Leisure. Previous contact between judge and litigant in an unrelated context is not grounds to disqualify a judge, and Leisure's belated suggestion to the contrary is wholly without merit. *See United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991) (recusal not required where "[a]s a private attorney years earlier," the judge had filed a fraud lawsuit against a defendant); *United States v. Ratcliff*, 806 F.2d 1253, 1255 (5th Cir. 1986) (rejecting claim that judge should have recused himself because he presided over a previous "civil rights removal action" involving Ratcliff).

Leisure also contends that a new trial is required because during cross-examination, the prosecuting attorney forced him to comment on the credibility of police witnesses by asking whether the police were lying. Other circuits have held that such questions are inappropriate, because they intrude on the prerogative of the jury to determine matters of credibility. *E.g.*, *United States v. Boyd*, 54 F.3d 868, 871 (D.C. Cir. 1995); *United States v. Akitoye*, 923 F.2d 221, 224 (1st Cir. 1991); *cf. Lamar v. Graves*, 326 F.3d 983, 987 (8th Cir.) ("we do not necessarily condone the questions"), *cert. denied*, 124 S.Ct. 939 (2003). Leisure did not object to the questions, and we conclude that there was no plain error. In response to three separate questions as to whether an officer was lying, Leisure alternatively responded that he (Leisure) "didn't say that," that he (Leisure) did not know, and that, in one instance, he believed the police "probably were lying." In only one answer, therefore, did Leisure actually comment on the credibility of the police, and in the context of the entire trial, we are confident that this answer did not affect Leisure's substantial rights. The jury had abundant reason to question Leisure's credibility, including testimony of co-conspirators about his drug dealing, seizure of drug trafficking evidence from Leisure's person and property, and Leisure's admission during cross-examination that he had fled the jurisdiction after his release on bond, only to be caught in Las Vegas using a false identity, and in possession of a gun and drugs for sale.

Leisure asserts that the district court erred at sentencing by adopting portions of the revised presentence investigation report (PSR) to which Leisure objected without convening an evidentiary hearing. Where, as here, the sentencing judge presided over the defendant's trial, the court may resolve factual disputes in the PSR based on the trial record, and the court is not required to hold an evidentiary hearing. *United States v. Wiggins*, 104 F.3d 174, 178 (8th Cir. 1997).[2]

Finally, in his second appeal, Leisure argues that the district court erred in amending its first amended judgment to include a 360-month term of imprisonment for his conviction on Count II of the superseding indictment, to be served concurrently with his 360-month sentence on Count I. The district court has authority to correct a clerical error at any time pursuant to Federal Rule of Criminal Procedure 36. At the sentencing hearing, the district court stated that "I impose a sentence of 360 months' imprisonment to be followed by ten years of supervised release on Count I; and six years' supervised release on Count II with the term on Count II to be served concurrent with the term on Count I." We conclude that the second amended judgment properly corrects a clerical error in the written judgment to reflect the district court's oral pronouncement of sentence. *See United States v. Tramp*, 30 F.3d 1035, 1037-38 (8th Cir. 1994). Consequently, Leisure was not entitled to notice of the district court's action. *Toyer v. United States*, 291 F.2d 925 (8th Cir. 1961) (per curiam).

Leisure's remaining arguments provide no basis for reversal. *See* 8th Cir. R. 47B. The judgment of the district court is affirmed.

_____

[2]Leisure also claims that he was prejudiced by ineffective assistance of trial counsel. Claims of ineffective assistance of counsel ordinarily should be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, where an appropriate record may be developed. *United States v. Martin*, 59 F.3d 767, 771 (8th Cir. 1995). Consistent with that general rule, we will not address the claims of ineffective assistance of counsel on direct appeal.