# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-2503/04-1351

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Rusty Leisure, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 1, 2005
Filed: July 5, 2005

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In a previous opinion filed July 30, 2004, we affirmed Leisure's conviction and sentence. *United States v. Leisure*, 377 F.3d 910 (8th Cir. 2004). In a petition for rehearing en banc, Leisure argued for the first time that the case should be remanded for resentencing in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which called into doubt the constitutionality of the mandatory federal sentencing guidelines. The petition for rehearing was denied on September 16, 2004, and Leisure then petitioned for a writ of certiorari. On January 24, 2005, the Supreme Court granted

the petition, vacated our previous judgment, and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005), which declared the sentencing guidelines effectively advisory in all cases.

Leisure did not object to his sentence in the district court based on the Sixth Amendment or the application of mandatory guidelines. Thus, we consider the impact of *Booker* on Leisure's sentence under the plain-error standard. *United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005). To justify relief, the record must at least establish a reasonable probability that the district court would have imposed a more favorable sentence under the advisory guideline scheme announced in *Booker*. *Id*. at 553.

In this case, the applicable guideline sentencing range was 360 months to life imprisonment, and the district court imposed a term of 360 months. A sentence at the low end of the range, however, "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the *Booker* error." *Id*. The district court's comment regarding the sentence imposed also gives no indication that the court believed the 360-month sentence was unreasonable:

> I'll note that the upper and lower ends of the guideline range exceed the 24-month range requiring me to state on the record my reasons for choosing the low end. And I choose the low end simply because this is a very substantial period of incarceration; and it should give Mr. Leisure opportunities for rehabilitation, programming, and I think that it's an adequate sentence.

(Tr. 661-62). Where the effect of the district court's erroneous application of mandatory guidelines is uncertain or indeterminate, then the reasonable probability standard is not satisfied, *Pirani*, 406 F.3d at 553, and we find nothing in the record to take us beyond the realm of speculation as to how the district court might have imposed sentence differently under the current sentencing system.

-2-

As to all issues other than those implicated by *Booker*, we adhere to our prior opinion. For the foregoing reasons, having considered the matter further in light of *Booker*, we affirm the judgment of the district court. Attorney Krisanne Weimer is directed to comply with Part V of this court's Amended Criminal Justice Act Plan. Upon notice from Ms. Weimer that she has so complied, the clerk is directed to grant counsel's motion to withdraw.

_____