**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4511**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARVIN MAURICE GOODSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J. Conrad,
Jr., Chief District Judge.  (3:06-cr-00380-RJC-1)

Submitted:  January 30, 2009          Decided:   March 23, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal,
FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville,
North Carolina, for Appellant.  Gretchen C. F. Shappert, United
States Attorney, Adam Morris, Melissa L. Rikard, Assistant
United States Attorneys, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Maurice Goodson was convicted of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and one count of brandishing a firearm in the commission of that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). He received a 156-month sentence. Goodson argues on appeal that the district court erred in rejecting his Batson v. Kentucky, 476 U.S. 79 (1986), challenges to the Government's peremptory strikes of three black jurors and erred in two evidentiary rulings. Finding no error, we affirm.

The Equal Protection Clause forbids the use of a peremptory challenge for a racially discriminatory purpose. Batson, 476 U.S. at 86. This court affords great deference to a district court's determination of whether a peremptory challenge was exercised for a racially discriminatory reason and reviews the district court's rulings on that point for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995).

Generally, a Batson challenge consists of three steps: (1) the defendant makes a prima facie case of racial discrimination; (2) the Government offers a race-neutral explanation for its strikes; and (3) the trial court decides whether the defendant has carried its burden and proved purposeful discrimination. See Purkett v. Elem, 514 U.S. 765, 767-68 (1995). However, once the Government has offered a race-

2

neutral explanation for the peremptory challenge and the trial court has ruled on the ultimate question of intentional discrimination, "the preliminary issue of whether the defendant had made a prima facie showing becomes moot." Hernandez v. New York, 500 U.S. 352, 359 (1991). This second step of the Batson inquiry does not require that the Government's proffered rationale for the strike be persuasive or even plausible. Purkett, 514 U.S. at 767-68. Further, the proffered reason need not be worthy of belief or related to the issues to be tried or to the prospective juror's ability to provide acceptable jury service. Jones, 57 F.3d at 420. All that is required is that the reason be race-neutral. Purkett, 514 U.S. at 768.

Here, the prosecutor explained that she struck a black female juror on account of her occupation as a private investigator, gun ownership, and her maternal relationship to a convicted criminal. The Government also struck two black males, and the prosecutor explained that she struck one on account of his occupation as an attorney and his prior experience with the criminal justice system and the other on account of his inattentiveness to the proceedings and his demeanor. At the second step of the Batson inquiry, occupation, relationship to a convicted criminal, experience with the criminal justice system, and demeanor and attentiveness are legitimate race-neutral reasons to strike. See Smulls v. Roper, 535 F.3d 853, 867 (8th

3

Cir. 2008) (occupation legitimate reason to strike); United States v. Johnson, 54 F.3d 1150, 1163 (4th Cir. 1995) (relationship to one involved in criminal activity provides a proper basis to strike); United States v. Wilson, 867 F.2d 486, 487-88 (8th Cir. 1989) (upholding the strike of a juvenile court social worker who had experience working with police officers and defense lawyers); United States v. Lorenzo, 995 F.2d 1448, 1454 (9th Cir. 1993) (lack of attentiveness a neutral reason to strike). Additionally, a potential juror's gun ownership provides a permissible basis upon which to strike. See Hernandez, 500 U.S. at 360 (noting that unless a discriminatory intent is inherent in the prosecutor's explanation, the proffered reason will be deemed race-neutral). By articulating race-neutral reasons for the strikes, the Government satisfied its burden at the second step of the analysis.

If steps one and two are met, the trial court must then decide whether the Government's explanation is pretextual and whether the opponent of the strike has met his burden of proving purposeful discrimination. The defendant must "show both that [the Government's stated reasons for a strike] were merely pretextual and that race was the real reason for the strike." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994). In making this showing, the "defendant may rely on all relevant circumstances to raise an inference of purposeful

4

discrimination." Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (internal quotation marks omitted). The defendant need not "point to an identical juror of another race who was not peremptorily challenged." Golphin v. Branker, 519 F.3d 168, 179 (4th Cir. 2008). Rather, "direct comparisons between similarly situated venire-persons of different races" are probative. Id. at 179-80 (internal quotation marks omitted).

Goodson did not identify similarly situated venire members who were not peremptorily challenged, see Golphin, 519 F.3d at 179, or otherwise establish that race was the real reason for the Government's strikes. Accordingly, the district court did not err in concluding that the Government's strikes did not violate Batson.

Next, Goodson challenges as a violation of Fed. R. Evid. 404(b) the district court's admission of evidence that Batson committed a prior robbery. We review for abuse of discretion the district court's determination on the admissibility of evidence under Fed. R. Evid. 404(b). See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Under Rule 404(b), evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at

994. An "inclusive" rule, Rule 404(b) allows the admission of evidence of other crimes or acts except those which tend to prove <u>only</u> criminal disposition. See <u>Queen</u>, 132 F.3d at 994-95.

Evidence of prior crimes is admissible under Rules 404(b) and Fed. R. Evid. 403 if the evidence is: (1) relevant to an issue other than the defendant's general character; (2) necessary; (3) reliable; and (4) the probative value of the evidence is not substantially outweighed by its prejudicial effect. <u>Queen</u>, 132 F.3d at 997. An acceptable purpose for evidence of other crimes is to prove the immediate context, or res gestae, of the case. See <u>United States v. Masters</u>, 622 F.2d 83, 86 (4th Cir. 1980). Other bad acts are admissible when they are intimately connected with and explanatory of the crime charged so that their proof is appropriate to complete the story of the crime. <u>Id.</u> A limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of intent to introduce evidence of prior acts provides additional protection to defendants. <u>Queen</u>, 132 F.3d at 997.

In this case, a jailhouse informant housed with Goodson testified that Goodson admitted to the commission of a previous robbery and had learned lessons from his mistakes during the previous robbery, such as how not to get caught and that if he robbed the bank on his own, no co-defendants would testify against him. The Government filed a notice of its

6

intent to use this evidence pursuant to Rule 404(b). The district court permitted the informant's testimony upon finding it was relevant to Goodson's plan and preparation and completed the story of the robbery with which he was charged by explaining how Goodson's commission of the charged robbery was informed by his mistakes in the prior robbery. Further, there was no suggestion from Goodson that the prior robbery was any more sensational or disturbing than the one with which Goodson was charged. Accord United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (holding that no unfair prejudice is present when the prior act is no more sensational or disturbing than the crimes with which the defendant was charged). The district court also conducted a balancing analysis and issued a limiting instruction to the jury. On these facts, we conclude that the district court did not abuse its discretion in admitting evidence of the prior robbery.

Goodson also alleges error in the district court's exclusion of testimony from an Assistant United States Attorney ("AUSA"). Here, the jailhouse informant also testified that, during their incarceration together, Goodson had shown him a page of a plea agreement listing penalties Goodson would have faced had he signed the agreement. The district court struck this testimony sua sponte and instructed the jury to disregard it. Believing that the informant was lying about the existence

7

of a proposed plea agreement, Goodson sought to call an AUSA to testify that the United States Attorney's Office had not offered Goodson a plea agreement in this case. The district court refused this request, noting that the informant's testimony concerning the existence of a plea agreement was purely about a collateral matter and that it had already struck the informant's testimony that Goodson had shown him a page of that agreement listing penalties.

Goodson also contends that the district court's ruling violated Fed. R. Evid. 608(b) and his constitutional right to present a defense. Fed. R. Evid. 608(b) states in relevant part that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence." We conclude, however, Rule 608(b) is not implicated in this case, as Goodson sought to introduce the testimony of a third party, the AUSA, to give testimony on the question that did not implicate the conduct of the informant. Moreover, even if Rule 608(b) was implicated, we would conclude that the district court's exclusion of the testimony of the AUSA did not run afoul of the Rule.

Finally, although a criminal defendant has a constitutional right to present evidence in his favor, see, e.g., United States v. Moussaoui, 382 F.3d 453, 471 (4th Cir.

8

2004), "a defendant's right to present a defense is not absolute; criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." United States v. Prince-Oyibo, 320 F.3d 491, 501 (4th Cir. 2003) (citing Taylor v. Illinois, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered [Sixth Amendment] right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence.")). Therefore, if the district court acted within its discretion in excluding irrelevant or immaterial evidence offered by a defendant, the exclusion did not violate his constitutional rights.

In this case, the district court properly ruled that the informant's testimony concerning the plea agreement was collateral to the charges in this case. Because the district court acted within its discretion in so ruling, the exclusion of the AUSA's testimony did not violate Goodson's constitutional right to present a defense.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9